UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRITTANY DUCRE, ET AL.,<br>    Plaintiffs | CIVIL ACTION |
| VERSUS | NO. 18-2308 |
| FAMILY DOLLAR STORES OF<br>LOUISIANA, INC., ET AL.,<br>    Defendants | SECTION: "E"(5) |

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by Defendant Family Dollar Stores of Louisiana, Inc. ("Family Dollar").[1] Plaintiffs Brittany and William Ducre oppose the motion.[2] Defendant Slidell Properties, LLC ("Slidell Properties") also filed an opposition.[3] Family Dollar filed a reply.[4] Plaintiffs filed a sur-reply.[5] For the reasons that follow, the motion for summary judgment is **DENIED**.

## BACKGROUND

The parties do not dispute that on March 4, 2017 Plaintiff Brittany Ducre was a patron at the Family Dollar Store located at 733 Brownswitch Road in Slidell, Louisiana, when, as she was approaching the store entrance, she "tripped over uneven concrete."[6] Family Dollar leased the location from Slidell Properties.[7] The lease agreement allocated

---

[1] R. Doc. 48.
[2] R. Doc. 73.
[3] R. Doc. 72. Family Dollar seeks summary judgment on all claims asserted against it by the Plaintiffs. Slidell Properties does not bring claims against Family Dollar. Slidell Properties filed an opposition to Family Dollar's motion, apparently out of an abundance of caution.
[4] R. Doc. 78.
[5] R. Doc. 81.
[6] R. Doc. 51 at ¶ 1 (citing R. Doc. 1 at ¶ II (Complaint)); R. Doc. 73-1 at ¶ 1.
[7] R. Doc. 51 at ¶¶ 2-3 (citing R. Doc. 48-4 (Lease Agreement)); R. Doc. 73-1 at ¶¶ 2-3. Although Plaintiffs state they deny paragraphs 2 and 3 of Family Dollar's statement of undisputed material facts, Plaintiffs do not actually contest either that Family Dollar and Slidell Properties entered into a lease agreement nor that the lease agreement contains the terms quoted in the third paragraph. Instead, Plaintiffs dispute whether the quoted language from the lease agreement "controls the totality of the alleged agreement"

1

responsibility for maintenance of exterior areas—"parking, service and access areas' (and other exterior areas, if any)"—to Slidell Properties as follows:

> Landlord shall keep the parking, service and access areas' (and other exterior areas, if any) maintained and in a good state of repair and properly lighted; provided, however, that Landlord shall not be responsible for the removal of snow, ice, trash, weeds and debris.[8]

The lease agreement allocated responsibility for maintenance of exterior areas to the tenant as follows:

> Tenant shall be responsible for maintaining the existing landscaping including mowing; snow plowing, removing trash and debris from the parking area and landscaped areas; restriping the parking area and repairing parking area lights.[9]

On March 2, 2018, Brittany Ducre and her husband, William Ducre, filed the instant lawsuit,[10] bringing "negligence and/or strict liability" causes of action against Family Dollar for failure to properly: maintain its premises, train its employees, supervise its employees, inspect the premises, correct a known defect/hazardous condition, and warn of a defective/hazardous condition.[11] Plaintiffs subsequently added Slidell Properties as a defendant, bringing "negligence/or strict liability" claims against Slidell Properties for failure to: properly maintain its premises, adequately inspect property and/or premises, correct a known defective/hazardous condition, warn of a defective/hazardous condition, and properly train and supervise its employees.[12]

Prior to 1996, strict liability was a cause of action available under Louisiana article 2317. However, "strict liability under La. C.C. art. 2317 was effectively eliminated and

---

and whether the terms of the lease agreement were "followed as written" by Family Dollar employees. R. Doc. 73-1 at ¶¶ 2-3.
[8] R. Doc. 48-4 at 14.
[9] *Id.* at 14-15.
[10] R. Doc. 1. Plaintiffs filed several amended complaints. R. Docs. 7, 16, and 30.
[11] R. Doc. 1 at ¶ V.
[12] R. Doc. 30 at ¶ V(b).

converted to a negligence standard by the enactment in 1996 of La. C.C. art. 2317.1, which imposes liability only if the owner or custodian knew or should have known of the defect and failed to use reasonable care to prevent the damage."[13] As a result, the Court construes Plaintiffs' claims as negligence claims.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[14] "An issue is material if its resolution could affect the outcome of the action."[15] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[16] All reasonable inferences are drawn in favor of the non-moving party.[17] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[18]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."[19] To satisfy Rule 56's burden of production, the moving party must do one of two

---

[13] *Ponder v. SDT Waste & Debris Services, L.L.C.*, 2015-1656 (La. App. 1 Cir. 8/16/17), 2017 WL 3498159, at *5 (citing *Burmaster*, 982 So. 2d at 799 n.1; Maraist & Galligan, *Louisiana Tort Law* § 14–2, at 330–332 (1996)).
[14] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[15] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[16] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[17] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[18] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[19] *Celotex*, 477 U.S. at 323.

things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."[20] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[21]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[22] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[23] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[24] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the

---

[20] *Id.* at 331.
[21] *Id.* at 322–24.
[22] *Id.* at 331–32 (Brennan, J., dissenting).
[23] *See id.* at 332.
[24] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.

4

precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[25]

## LAW AND ANALYSIS

Because jurisdiction in this case is based on 28 U.S.C. § 1332, the Court applies Louisiana substantive law.[26] Under Louisiana law, a plaintiff who claims she was injured as a result of the condition of a thing may bring causes of action under Louisiana Code article 2317 and 2317.1.[27] Article 2317 provides:

> We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.[28]

Article 2317.1 in turn provides, in pertinent part:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.[29]

To prove premises liability pursuant to article 2317.1, an injured plaintiff must first establish the following elements: "1) that the thing was in the owner's or custodian's garde; 2) that the thing contained a vice or defect creating an unreasonable risk of harm; and 3) that the damage was caused by the vice or defect."[30] Once these elements are

---

[25] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[26] *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).
[27] La. Civ. Code arts. 2317 and 2317.1.
[28] La. Civ. Code art. 2317.
[29] La. Civ. Code art. 2317.1.
[30] *Alexander v. Hancock Bank*, 16-0662, p. 6 (La. App. 4 Cir. 2/8/17), 212 So.3d 713, 717 (citation omitted).

established, the plaintiff must then show: "1) the owner of a thing either knew or should have known of the ruin, vice, or defect which caused the damage; 2) the owner could have prevented the damage by the exercise of reasonable care; and 3) the owner failed to exercise such reasonable care."[31] "To recover, the plaintiff bears the burden of proving these elements in the affirmative, and the failure of any one is fatal to the case."[32]

### A. Custody or Garde

"The liability imposed by La. Civil Code article 2317 is grounded in the custody or control of a defective thing."[33] "Custody" means "supervision and control."[34] Under Louisiana law, the terms "custody" and "custodian" as used in articles 2317 and 2317.1 "derive their meaning from the concept of garde."[35] "The person who has custody or garde of a thing is he who has the legal duty to prevent its vice or defect from harming another."[36] "Ownership presumptively establishes the requisite benefit, control, and authority to find custody or garde."[37] However, this presumption is rebuttable.[38] Further, even absent ownership a person can have custody or garde over something if he "bears such a relationship as (1) to have the right of direction and control over [it], and (2) to

---

[31] *Id.* (citing *Garrison v. Old Man River Esplanade, L.L.C.*, 13-0869, p. 5 (La. App. 4 Cir. 12/18/13), 133 So.3d 699, 701-02; *Greenhouse v. C.F. Kenner Associates, Ltd. P'ship*, 98-0496, p. 5 (La. App. 4 Cir. 11/10/98), 723 So.2d 1004, 1007.)
[32] *Dupree v. City of New Orleans*, 99-3651, p. 6 (La. 8/31/00), 765 So.2d 1002, 1008.
[33] *McElveen v. City of New Orleans*, 03-1609, p. 7 (La. App. 4 Cir. 9/14/04), 888 So.2d 878, 882, *writ denied*, 04-2527 (La. 12/17/04), 888 So.2d 870.
[34] *Venezia v. ConocoPhillips Co.*, No. 12–2168, 2014 WL 107962, at *10 (E.D. La. Jan.9, 2014)
[35] *Curole v. Choice Hotels Int., Inc.*, Civil Action No. 08-226-SCR, 2009 WL 10700609, at *2 (M.D. La. June 17, 2009).
[36] *Dupree*, 765 So.2d at 1009.
[37] *Holmes v. Shell Offshore Inc.*, Civil Action No. 12–1890, 2014 WL 2898461, at *6 (E.D. La. June 26, 2014) (citing *Doughty v. Insured Lloyds Ins. Co.*, 576 So.2d 461, 464 (La. 1991)).
[38] *Davis v. Riverside Court Condo. Ass'n Phase II, Inc.*, 14-0023, p. 7 (La. App. 4 Cir. 11/12/14), 154 So.3d 643, 648.

draw some kind of benefit from [it]."[39] Both factors must be present.[40] "Determining who has the custody or garde of the thing is a fact driven determination."[41]

Plaintiffs contend more than one party may have custody or garde of a thing whereas Family Dollar argues custody or garde of a thing cannot lie in both an owner and a lessee simultaneously.[42] Family Dollar points the Court to *Pamplin v. Bossier Parish Cmty. Coll*,[43] a Louisiana Second Circuit Court of Appeal decision reviewing an appeal from a jury verdict. In *Pamplin*, a student at a community college slipped and fell while walking on a sidewalk that was a part of the college campus.[44] The community college leased the campus property from another entity.[45] The lease agreement between the parties provided: "[t]he lessor shall be responsible for maintaining the entire building and site in good condition throughout the term of the lease."[46] The *Pamplin* court noted:

> The lease setting creates a factual dispute regarding the duty of garde, resulting in Article 2317.1 fault against either the lessor or lessee. Some appellate rulings have even gone so far as to pronounce that custody or garde of a thing cannot lie in both an owner and a lessee simultaneously.[47]

The *Pamplin* court refrained, however, from expressly endorsing this pronouncement, holding instead:

> [W]ith the elimination of strict liability, the 'duty of garde' in a lease setting under Article 2317.1 has become overshadowed by the issue of notice or knowledge of the defect. This notice or knowledge of the defect now creates a negligence duty to protect guests on the leased premises from known defects which is uniformly applicable to both lessor and lessee alike.

---

[39] *Anh Ngoc Vo v. Chevron, U.S.A., Inc.*, No. 13–1794, 2013 WL 3983934, at *5 (E.D. La. July 31, 2013) (quoting *King v. Louviere*, 543 So.2d 1327, 1329 (La. 1989)); *see also Coulter v. Texaco*, 117 F.3d 909, 913 (5th Cir. 1997).
[40] *Id.*
[41] *Dupree,* 99-3651, p. 7, 765 So.2d at 1009 (citing *Doughty,* 576 So.2d at 464).
[42] *Compare* R. Doc. 73 at 3 *with* R. Doc. 48-1 at 3.
[43] 38,533, p. 7 (La. App. 2 Cir. 7/14/04) 878 So.2d 889, 893, *writ denied*, 04–2310 (La. 1/14/05) 889 So.2d 266.
[44] *Id.* at 890.
[45] *Id.* at 891.
[46] *Id.*
[47] *Id.* at 893 (internal quotation marks and citations omitted).

> Therefore, we need not determine whether the jury was correct in placing the duty of garde on the [lessor] and finding it at fault in this case. The general tort duty of the State in relation to its students under Article 2315 provides a similar analysis for negligence whether or not the [lessee] had garde of the sidewalk.[48]

As a result, *Pamplin* does not unequivocally support Family Dollar's position. Further, the chief "appellate ruling[]" referenced in *Pamplin*, *Guillory v. Foster*,[49] is not particularly instructive. In *Guillory*, the Louisiana Third Circuit Court of Appeals affirmed the trial court's holding that neither a lessor nor sublessor were liable to the plaintiff.[50] The plaintiff fell inside a bar, Good Time Charlie's Lounge, which was leased from an individual, Harrison Leach, who in turn leased the property from the owner of the building, Thelma Dumatrait.[51] The plaintiff sued Good Time Charlie's Lounge, the sublessor, and the owner/lessor.[52] In finding the owner/lessor was not liable to the plaintiff, the court noted: "'custody' or 'garde' of a thing cannot lie in both an owner and a lessee simultaneously. Either one or the other, but not both, has the custody or garde of the thing."[53] Guillory is not highly informative in this case because *Guillory* was decided prior to the 1996 tort amendments that added article 2317.1 and converted article 2317 to a negligence standard. In addition, the plaintiff in *Guillory* fell inside the subject commercial establishment, not an exterior area such as a sidewalk abutting the store.

Plaintiffs point the Court to *Carroll v. Am. Empire Surplus Lines Ins. Co.*,[54] a decision from another section of this Court. In *Carroll*, a plaintiff rented a property owned

---

[48] *Id.* at 894 (internal citations omitted).
[49] 634 So.2d 1372, 1375 (La. App. 3d Cir. 1994)
[50] *Id.*
[51] *Id.* at 1373.
[52] *Id.*
[53] *Id.* at 1375.
[54] 289 F. Supp. 3d 767, 774 (E.D. La. Dec. 21, 2017).

by two individuals through the website maintained by Airbnb, Inc. ("Airbnb").[55] In addressing defendant Airbnb's motion for summary judgment argument that Airbnb did not have garde over the subject property, the court noted "more than one party may have garde" over a thing, citing as support a Louisiana Supreme Court decision, *Dupree v. City of New Orleans*.[56] Family Dollar argues *Carroll* is inapposite because it "did not involve a lease that specifically assigns responsibility for maintenance to a party to a contract, as in the case at bar."[57]

In diversity cases such as this case, this Court applies Louisiana law, and to determine Louisiana law, the Court must "look to the final decisions of the Louisiana Supreme Court."[58] "In the absence of a final decision by the Louisiana Supreme Court, [the Court] must make an *Erie* guess and determine, in [the Court's] best judgment, how [the Louisiana Supreme Court] would resolve the issue if presented with the same case."[59] The parties point to no Louisiana Supreme Court decisions, and the Court is aware of none, addressing whether an owner/lessor and lessee of a thing may simultaneously have custody or garde of the thing. The Louisiana Supreme Court decision *Dupree* (cited in the decision proffered by Plaintiff, *Carroll*) appears to be the closest on point. In *Dupree*, a motorist brought suit against the City of New Orleans and the Sewage and Water Board ("S&WB") for injuries sustained when he struck a street cave-in.[60] The Louisiana Supreme Court found that, although the City of New Orleans owned the subject street, there was sufficient evidence to find S&WB had custody over the subject street at the

---

[55] *Id.* at 769.
[56] *Id.* at 764 (citing *Dupree*, 765 So.2d at 1009).
[57] R. Doc. 78 at 2.
[58] *Moore*, 556 F.3d at 269.
[59] *Id.* (citing *Stanley v. Trinchard*, 500 F.3d 411, 423 (5th Cir.2007)) (emphasis added).
[60] 765 So.2d 1002.

9

location of the cave-in because (1) S&WB had the sole right of direction and control over the subject location and (2) S&WB derived a benefit from its custody of the location.[61] S&WB had the sole right of direction and control over the subject street because: "[t]he record shows that S & WB employees had been at the location of the cave-in either to inspect or test its facilities under the cave-in or to reset the barricade for approximately six weeks before the accident, with most of the activity on the four days preceding the accident."[62] S&WB derived a "substantial benefit[] from its custody of the location . . . as such custody allowed it to fulfill its statutory responsibilities to ensure its utilities were properly working, prevented the duplication or waste of services, minimized the disruption of the City's streets, and allowed the S & WB to fulfill its intragovernmental responsibilities."[63]

Although *Dupree* did not involve a lease agreement assigning responsibility for maintenance of a premise, the court addressed whether multiple parties may have custody or garde of a thing in general:

> [B]ecause Article 2317 imposes liability upon persons for things in their custody or garde, a principle much broader than ownership, it is clear that more than one party may have custody or garde of a thing under La. Civ. Code art. 2317, determined by an examination of the parties' actions and relationships to the thing causing the injury.[64]

The Court finds no compelling reason to deviate from *Dupree*'s holding that "more than one party may have custody or garde of a thing" even when the thing is an exterior area such as a sidewalk abutting a store and the owner/lessor and lessee have entered into a lease agreement assigning responsibility for maintenance of the area.[65] A particularly

---

[61] *Id.* at 1010-12.
[62] *Id.* at 1010.
[63] *Id.* at 1012.
[64] *Id.* at 1009.
[65] *Id.*

instructive Louisiana First Circuit Court of Appeal decision, *Greer v. Sportsman's Hairadise*,[66] supplies additional evidence the Louisiana Supreme Court would apply *Dupree's* holding in this case. *Greer* involved a lease agreement allocating responsibility for maintenance of the subject premises between the owner/lessor and lessee. The *Greer* plaintiff fell down an exterior step leading to the entrance of the store.[67] The *Greer* court, citing *Dupree*, held: "[t]he concept of garde is broader than ownership, and *more than one party may have garde of a thing.*"[68]

Family Dollar submits it is entitled to summary judgment because there is no record evidence to show Family Dollar had "custody or control" of the subject area where Plaintiff fell. Family Dollar argues the lease agreement between itself and Slidell Properties provides "the owner/landlord, Slidell Properties, is required to maintain the area of the premises complained of by plaintiff, Brittany Ducre."[69] Family Dollar directs the Court to the following provision of the lease agreement between Family Dollar and Slidell:

> . . . Landlord shall keep the parking, service and access areas' (and other exterior areas, if any) maintained and in a good state of repair and properly lighted; provided, however, that Landlord shall not be responsible for the removal of snow, ice, trash, weeds and debris. . .[70]

Because Family Dollar satisfied its initial burden of submitting affirmative evidence to negate an essential element of Plaintiffs' claim, the burden of production shifts to Plaintiffs to direct the Court to evidence in the record establishing a genuine issue of material fact exists with respect to whether Family Dollar had custody or garde of the

---

[66] 2017-0965 (La. App. 1 Cir. 3/9/18), 2018 WL 1249410, at *5-6.
[67] *Greer*, 2018 WL 1249410 at *1.
[68] *Id.* at *5 (citing *Dupree*, 765 So.2d at 1009) (emphasis added).
[69] R. Doc. 48-1 at 4.
[70] R. Doc. 48-1 at 4 (citing R. Doc. 48-4 at 14).

subject area.[71] To do this, Plaintiffs point the Court to the deposition testimony of the Assistant Manager of the subject Family Dollar store, Richard Clinger.[72] Clinger testified Family Dollar employees maintain the area where Plaintiff tripped: they "clean," "sweep," and "pick [] up" trash in the subject area.[73] Clinger also testified there is an ice machine in the area in front of the store where Plaintiff tripped that belongs to Family Dollar.[74] Clinger further testified the store often puts items on display in this area, such as "kiddie pool[s]" or pool "noodles."[75] This evidence is sufficient to establish a genuine issue of material fact exists with respect to whether Family Dollar had custody or garde over the subject area and derived a benefit from its custody of the location. Accordingly, Family Dollar is not entitled to summary judgment on this basis.

**B.     Knowledge**

It is the moving party's burden to identify uncontested material facts entitling it to summary judgment,[76] and the Court need not address the absence of any undisputed material facts not identified by the moving party in its motion. A district court may rely on arguments and evidence presented for the first time in a reply brief only if the court "give[s] the non-movant an adequate opportunity to respond prior to a ruling."[77] Thus, "[i]t is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs."[78]

---

[71] *Celotex*, 477 U.S. at 322–24.
[72] R. Doc. 73 at 4.
[73] R. Doc. 73-2 at 8-9.
[74] *Id.* at 6.
[75] *Id.* at 7.
[76] *Celotex*, 477 U.S. at 323.
[77] *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004) (quoting *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 545 (5th Cir. 2003)) (internal quotation marks omitted).
[78] *Gillaspy v. Dallas Independent School Dist.*, 278 F. App'x. 307, 315 (5th Cir. 2008) (citing *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1437 (5th Cir. 1989); *Senior Unsecured Creditors' Comm. of First RepublicBank Corp. v. FDIC*, 749 F. Supp. 758, 772 (N.D. Tex. 1990)).

In this case, Family Dollar did not identify in its statement of uncontested material facts any uncontested material facts concerning the issue of Family Dollar's knowledge of any defect of the area where Brittany Ducre fell. In Family Dollar's reply to Plaintiffs' opposition to the motion for summary judgment, Family Dollar raises for the first time the issue of whether it had knowledge of the defect that caused Brittany Ducre to fall.[79] In their sur-reply, Plaintiffs urge the Court not to consider this newly-raised argument in deciding Family Dollar's motion for summary judgment.[80] The Plaintiffs are correct. The Court will not consider this new argument in deciding Family Dollar's motion for summary judgment.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the motion for summary judgment filed by Family Dollar[81] is **DENIED.**

**New Orleans, Louisiana, this 2nd day of December, 2019.**

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　**SUSIE MORGAN**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[79] R. Doc. 78 at 3-4.
[80] R. Doc. 81 at 1.
[81] R. Doc. 48.